UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSEPH ALFREDO SAYAGO, et al., | |
| Plaintiffs, | 03:09-cv-01295-HU |
| vs. | FINDINGS AND RECOMMENDATION |
| ANGEL JIMINEZ, et al., | |
| Defendants. | |

D. Michael Dale
Law Offices of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
(503) 357-8290
(503) 357-8290 (fax)
michaeldale@dmichaeldale.net

Meg Heaton
Northwest Workers' Justice Project
917 Oak Street, Suite 412
Portland, OR 97205
(503) 525-8454
(503) 946-3029 (fax)
meg@nwjp.org

    Attorneys for Plaintiffs

FINDINGS AND RECOMMENDATION      1

HUBEL, Magistrate Judge:

## Introduction

Currently before the court is plaintiffs Joseph Alfredo Sayago, Heladio Morales-Alvarado, Cesar Olayo-Lule, and Artemio Nambo's (collectively "Plaintiffs") motion (doc. #55) for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). Plaintiffs move for relief from the court's judgment entered on February 23, 2011. For the reasons set forth below, Plaintiffs' motions should be DENIED.

## Procedural Background

On September 2, 2010, Plaintiffs filed their First Amended Complaint ("FAC") wherein they asserted claims against their former employers, Angel Jiminez ("Jiminez") and Martin Contreras[1] ("Contreras") (collectively "Defendants"), to collect unpaid wages and statutory damages. (FAC ¶ 1.) Plaintiffs alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* (FAC ¶ 2.) Plaintiffs also claimed that Defendants did not pay them the wages they were entitled to under Washington's wage and hour laws. (FAC ¶ 3.)

On September 10, 2010, Summons were issued for Jiminez and Contreras. (Doc. #50.) An Affidavit of Service was filed with the court on December 30, 2010, wherein Steven H. Jensen certified that he served a Summons and Complaint via substitute service upon Jiminez on November 12, 2010. (Doc. #51.) Plaintiffs' attorney,

---

[1] It must be noted that Plaintiffs do not contest the dismissal of Contreras, "whom Plaintiffs were unable to locate despite extensive effort." (Mem. Supp. Pl's Mot. Relief (doc. #56) at 2 n.2.)

FINDINGS AND RECOMMENDATION     2

Meg Heaton ("Heaton"), filed a declaration on December 30, 2010, indicating that, "[o]n November 17, 2010, [she] mailed, via USPS first class mail, a copy of the Summons and Complaint and the Affidavit of Service by Steve Jensen to Angel Jiminez at 7211 SE Harmony Road, #165, Milwaukie, Oregon, 97222." (Decl. Meg Heaton (doc. #52) ¶ 3.)

On January 12, 2011, this court ordered Plaintiffs to show good cause, in writing, no later than February 4, 2011, why this case should not be dismissed as to Contreras, for failure of Plaintiffs to disclose service on Contreras within 120 days of the filing of the FAC. (Doc. #53.) Further, it was ordered that Plaintiffs show good cause, in writing, no later than February 4, 2011, why the case should not be dismissed as to Jiminez, for failure to prosecute. (Doc. #53.)

Plaintiffs failed to respond to the Order to Show Cause and on February 23, 2011, Judge King dismissed Plaintiffs' case because Plaintiffs failed to disclose service on Contreras within 120 days of the filing of the FAC and failed to prosecute against Jiminez. (Doc. #53.) Over five months later, on July 28, 2011, Plaintiffs filed a motion for relief from judgment, which is currently before the court. (Doc. #55.)

## Legal Standard

It is well settled law that Federal Rule of Civil Procedure ("Rule") 60(b) is remedial in nature and must be liberally applied. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). Rule 60 provides in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may

FINDINGS AND RECOMMENDATION    3

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence, that with reasonably diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). "Rule 60 regulates the procedures by which a party may obtain relief from final judgment . . . . The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Delay v. Gordon*, 475 F.3d 1039, 1044-45 (9th Cir. 2007) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2851 (2d ed. 1995)).

**Discussion**

**I.   Rule 60(b)(6)**

Pursuant to Rule 60(b)(6), Plaintiffs claim that relief from judgment is justified because Plaintiff's counsel, Heaton and D. Michael Dale ("Dale") (collectively "Counsel"), had no notice of the pendency of the Order to Show Cause ("the Order"). (Mem. Supp. Pls.' Mot. Relief (doc. #56) at 2.) Counsel relies solely upon *Molloy v. Wilson*, 878 F.2d 313 (9th Cir. 1989), in support of their

FINDINGS AND RECOMMENDATION    4

argument that Dale's lack of notice warrants relief under Rule 60(b)(6). (*See* Mem. Supp. Pls.' Mot. Relief (doc. #56) at 8-9.)

In *Molloy*, the district court had scheduled a mandatory status conference. *Id.* at 314. Notice of the pending hearing was sent to respective counsel for the parties, but neither counsel appeared at the status conference. *Id.* The district court therefore ordered the action be dismissed for lack of prosecution. *Id.* However, the parties proceeded with their respective discovery in anticipation of trial because they were oblivious to the dismissal of the action. *Id.* When the appellant discovered what had happened, he filed a motion to vacate the order noting that, "due to a heavy trial calendar and the pressure of deadlines during that period, [I] inadvertently neglected to notate the Status Conference on it." *Id.* at 315. The appellant also argued that the order should be vacated since the court clerk failed provide notice of the order dismissing the action as required under Rule 77(d). *Id.*

On appeal, the Ninth Circuit found the "lynchpin" of the appellant's post-judgment relief to be his failure to receive notice of the district court's dismissal order. *Id.* The *Molloy* court reversed the district court's decision since, although the appellant failed to appear at the status conference, he had appeared generally in the action thereby entitling him to notice of all proceedings and actions taken in the case. *Id.* At the district court level, the appellant's motion to vacate had also been predicated upon Rule 60(b)(6). *Id.* at 315-16. The appellant's counsel relied on excusable neglect in failing to attend the status conference, which the district court determined

FINDINGS AND RECOMMENDATION    5

subjected appellant's motion to Rule 60(b)(1)'s one year limitation. *Id.* However, *Molly* overruled the district court finding

> [t]he circumstances as presented in this case, involving the non-receipt by a party of an order of dismissal, warrant moderation of the harsh time limitation of Rule 60(b) and give the district court discretion to treat the motion to vacate as arising under clause (6) of Rule 60(b), notwithstanding that the underlying basis for vacating the judgment does not strictly constitute 'any other reason' as that phrase is used in the rule.

*Id.* at 316.

Counsel cites *Molloy* for the proposition that, "[w]hen a party does not have notice of a court action that creates a deadline for response, the party may be relieved of a judgment under Rule 60(b)(6)." (Mem. Supp. Pls.' Mot. Relief (doc #56) at 8.) Counsel concedes that, unlike *Molloy*, in this case it was not the court's error that resulted in lack of notice. (*Id.*) The court agrees. Counsel contends, however, that the pertinent determination is not who is at fault, but whether the party had notice. (*Id.*) According to Counsel, since Dale did not have actual notice, relief is justified. (*Id.* at 9.) Curiously, Counsel then points out that Heaton "*did receive electronic notice of the Order*," but she believed that she could rely on the shared calendar to notify her when the deadline approached. (*Id.*) (emphasis added).

In *Molloy*, the appellant's counsel failed to notate the date of the scheduling conference. Similarly, in this case, Heaton relied solely on a share calender to remind her of an approaching deadline to respond to the Order. However, *Molloy* is inapposite in that the crux of its holding was due to the court clerk failing to

FINDINGS AND RECOMMENDATION      6

notify the parties of the order dismissing the case.  This distinction is critical.  Nowhere within their memorandum do Plaintiffs claim a lack of notice regarding Judge King's February 23, 2011, judgment dismissing their case, nor any lack of notice from the court of the show cause order.  The court therefore finds Counsel's reliance on *Molloy* unavailing.

"Relief under Rule 60(b)(6) will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009).  Rule 60(b)(6) is essentially a catch-all provision that has been used "sparingly as an equitable remedy to prevent manifest injustice[,]" in fact, it is to be used "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Delay*, 475 F.3d at 1044 (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).  Counsel has not demonstrated circumstances beyond their control, nor does the court find extraordinary circumstances prevented them from taking timely action.  Counsel has provided no explanation as to why it took them over five months to seek relief from judgment.  Accordingly, relief under Rule 60(b)(6) is not justified.

## II.  Rule 60(b)(1)

Alternatively, Counsel claim that relief from judgment should be granted under Rule 60(b)(1) on the ground that the omission of a response to the Order resulted from mistake, inadvertence, or excusable neglect. (Mem. Supp. Pls.' Mot. Relief (doc. #56) at 2.)

FINDINGS AND RECOMMENDATION     7

Counsel apparently failed to respond to the Order due to a "computer problem that resulted in an inadvertent and unfortunate calendering error." (*Id.*)  Counsel claims that during the period in which this court issued the Order, the calendar for federal cases they co-counseled was maintained solely by Dale.  (*Id.*)  Counsel goes on to proclaim that, "the email message containing the electronic notice of the Order was inexplicably diverted to Mr. Dale's email spam filter, and was thus never seen by Mr. Dale."[2] (*Id.*)  As a result, the deadline for the response to the Order was not entered in the calender by Counsel and this court ultimately entered judgment against Plaintiffs. (*Id.*)  According to Counsel, "[t]his unfortunate occurrence is precisely the type of circumstance for which Rule 60(b) provide grounds for relief from [] [j]udgment."  (*Id.*)

   **A.   The *Pioneer/Briones* Equitable Balancing Test**

In the Ninth Circuit, courts use the test set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997), to determine whether excusable neglect is present. *Golf Sav. Bank v. Walsh*, No. 09-973-AC, 2010 WL 3222112, at *3 (D. Or. Aug. 13, 2010).  The *Pioneer/Briones* equitable balancing test depends on the evaluation of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on proceedings; (3) the reason for the delay;

---

   [2] Counsel has wisely decided to forgo this practice in the future in order to prevent future errors. (*Id.* n.1.)  Both Dale and Heaton will now calendar all dates relating to co-counseled cases.  (*Id.*)

FINDINGS AND RECOMMENDATION     8

and (4) whether the movant acted in good faith." *Id.* at *3-4 (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)).

### 1.  Prejudice

Plaintiffs claim that there is no danger of prejudice to Jiminez if the court were to grant them relief from judgment. (Mem. Supp. Pls.' Mot. Relief (doc. #56) at 4.)  According to Plaintiffs, if the judgment of dismissal were to stand, Jiminez would be rewarded with a quick and unmerited victory in this case. (*Id.* at 5.)  Plaintiffs then cites *Ahanchian*, 624 F.3d at 1262, for the proposition that, "the defendant would not have been prejudiced by a week's delay in the filing of the opposition and a concomitant week extension to file a reply. At most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial." (Mem. Supp. Pls.' Mot. Relief (doc. #56) at 5.)

Clearly *Ahanchian* is distinguishable in this regard because the court is not dealing with a few weeks worth of extensions; rather, Plaintiffs failed to prosecute their claims against Jiminez for over three months and then waited over five months to seek relief from judgment.  While Plaintiffs claim Jiminez is being rewarded a "quick and unmerited victory," that is precisely what they seek.  "Indeed, if Plaintiffs' case were to be reinstated, their counsel would promptly seek a default judgment against Defendant Jiminez." (*Id.*)

Plaintiffs next argue that the court must consider the prejudice to them in rendering its decision, citing *Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009). (*Id.* at 5-6.)

FINDINGS AND RECOMMENDATION     9

Specifically, Plaintiffs states, "because the statutes of limitations for some of [their] claims have expired . . . Plaintiffs would be substantially prejudiced by a denial of their Motion. Therefore, granting Plaintiffs' relief would preserve their ability to vindicate their claim." (*Id.* at 6.) What Plaintiffs fail to acknowledge is that, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Engelson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992). Statutes of limitation have as one purpose allowing a defendant relief from being forced to litigate stale claims. Setting aside a judgment dismissing a claim that is past the statute of limitations for failure to prosecute the claim takes this protection from the defendant. This can be prejudice to the defendant. Heaton, who was co-counsel on this case, was admittedly aware of the Order. Any loss of the ability to vindicate their claims is thus due to Counsel's failure to proceed in a timely manner.

In short, a presumption of prejudice arises where, as here, the party seeking relief has not explained their failure to prosecute. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). The Order was predicated, in part, upon Plaintiffs' failure to prosecute their claims against Jiminez. Plaintiffs still have not offered an explanation regarding their delay in prosecution. Moreover, the court would be hard pressed to determine that prejudice is not present when Plaintiffs seek relief in order to immediately obtain a default judgment against Jiminez.

FINDINGS AND RECOMMENDATION    10

Accordingly, *Pioneer/Briones's* first factor does not weigh in Plaintiffs' favor.

### 2. Length of the Delay

Plaintiff contend that the delay would have no impact on Jiminez because he has shown no intention to defend against Plaintiffs' claims. (Mem. Supp. Pls.' Mot. Relief (doc. #56) at 6-7.) The court cannot conceive how this could be true considering Plaintiffs' intention is to seek a default judgment against him.

As to the second factor, the length of the delay, Rule 60(c) requires that a Rule 60(b) motion be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes a reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge*, 587 F.3d at 1196 (citation and internal quotation marks omitted).

Here, the facts of Plaintiffs' case fail to demonstrate that the length of the delay was reasonable. Plaintiffs do not claim they lacked notice of the judgment dismissing their claim, nor do they offer an explanation as to why it took five months to seek relief. Even assuming, *arguendo*, Plaintiffs lacked notice of the judgment, the court cannot fathom how Plaintiffs could have plausibly lacked the practical ability to learn of the Order in the

FINDINGS AND RECOMMENDATION     11

less than a six-month time period.[3]  Accordingly, under the circumstances presented, *Pioneer/Briones's* second factor does not support a finding of excusable neglect.

### 3. Reason for the Delay

Plaintiffs contend that the Ninth Circuit has found excusable neglect in "far more egregious" circumstances than that presented in this case. (Mem. Supp. Pls.' Mot. Relief (doc. #56) at 7.)  For instance, Plaintiffs point to *Bateman*, which found "excusable neglect" after an attorney missed a deadline while he was out of the country, in Nigeria, dealing with a family emergency. *Bateman*, 231 F.3d at 1222.  The attorney did not contact the district court until sixteen days after he returned, attributing his lapse to "jet lag and the time it took to sort through the mail that had accumulated while he was away." *Id.* at 1223.

The court finds Plaintiffs' reliance on *Bateman* misplaced. The circumstances presented in *Bateman* are not "more egregious" than those presented in the case at bar.  Heaton disregarded notice of the order to show cause and Counsel does not claim that they failed to receive notice of the judgment dismissing their case.  In fact, since Heaton received notice of the order to show cause, it is likely she received notice of the judgment.  Counsel does not dispute this.  This is clearly distinguishable from an attorney attending to a family emergency in Nigeria, then being forced to seek relief after a motion for summary judgment was deemed unopposed and judgment was entered against his client. *Id.*

---

[3] The Order was issued on January 12, 2011, and Plaintiffs' filed this motion over six months later on July 28, 2011.

FINDINGS AND RECOMMENDATION    12

The reason for delay is "admittedly, weak" when counsel shows "a lack of regard for his client's interests and the court's docket." *Bateman*, F.3d at 1225. "[W]hile a calendering mistake caused by a failure to apply a clear local rule may be a weak justification for an attorney's delay, [the Ninth Circuit has] previously found the identical mistake to be excusable neglect." *Ahanchian*, 624 F.3d at 1262. In *Ahanchian*, plaintiff's counsel moved for a one week extension to file an opposition to defendants' motion for summary judgment based on (1) an "extremely short" response deadline; (2) a preplanned absence; and (3) the large number of supporting exhibits attached to defendants' motion. *Id.* at 1255. "*Despite the presence of what most reasonable jurists would regard as good cause and the absence of prejudice to anyone*, the district court denied the motion." *Id.* (emphasis added). Plaintiff ended up filing the opposition, albeit three days late, due to a calendaring mistake and computer problems, along with a motion asking that the court accept the late-filed opposition.. *Id.* The court construed the motion as one for reconsideration under Rule 60(b), and denied it. *Id.*

Clearly the procedural circumstances presented in *Ahanchian* are distinguishable from the case at bar and were more favorable to counsel in that case. Additionally, while there was a calendering mistake effecting Dale being notified of the Order, Heaton admits to receiving the notice. Counsel leave unexplained their failure to discover or failure to seek relief from the judgment of dismissal for five months. Thus, this factor does not weigh in Plaintiffs' favor.

FINDINGS AND RECOMMENDATION    13

### 4. Whether the Movant Acted in Good Faith

As to the final factor, the court finds no bad faith on Plaintiffs' part. *See Bateman*, 231 F.3d at 1225 (concluding that good faith was present since the movant's "errors resulted from negligence and carelessness, not from deviousness or willfulness.")

**B.  Summary**

Simply put, Counsel has not sufficiently established that their failure to timely respond to the Order or the judgment dismissing the case was the result of excusable neglect. Dale claims that the Order was blocked by a spam filter and he was therefore unaware of the Order. This does not alleviate the fact that Heaton was aware of the Order and simply assumed that Dale would calendar the deadline. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (holding that, for the purposes of Rule 60(b)(1), "parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims.")  Perhaps, most notably, Counsel does not claim a lack of notice in regard to the judgment dismissing their case nor do they proffer an explanation as to why it took them over five months to seek relief. *See Laurino*, 279 F.3d at 758 (Kozinski, J., dissenting) (noting that "the lack of any plausible explanation" for a delay is "reason enough to deny" a Rule 60(b) motion).

FINDINGS AND RECOMMENDATION     14

In short, the *Pioneer/Briones* equitable balancing test does not weigh in favor of granting Plaintiffs' motion for relief from judgment.

## Conclusion

For the reasons stated above, Plaintiffs' motion (doc #55) for relief from judgment should be DENIED.

## Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 21, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due December 8, 2011. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this _3rd___ day of November, 2011.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION    15